In the Matter of the Judicial Settlement of the Account of Proceedings of THOMAS C. REID and WILLIAM H. LOTTY, Trustees of the Estate of WILLIAM H. LENT, Deceased.

THOMAS C. REID and WILLIAM H. LOTTY, as Trustees, Appellants; F. CORDELIA FARLEY, Respondent.

(*Supreme Court, Appellate Division, First Dept., December* 30, 1915.)

TRUST—WILL—INVESTMENT BY TRUSTEES—LOAN TO PARTNERSHIP.

One L., upon retirement from business, executed a trust deed to R. and F., the other members of the firm, whereby he conveyed to them, as trustees, all his right, title and interest in the firm, and provided that

the net income derived from said trust property should be paid to him during his lifetime, and made alternative provision for its disposition after his death. The trustees were authorized in their discretion to permit the whole or any part of the estate to remain in the business, as a loan, for such period as they might think proper. On the same day L. executed his will in which he appointed R., F. and another as executors and trustees, and gave his residuary estate to them in trust during the lifetime of two sons, and provided that they might invest funds of the estate in any way that might seem to them for the best interest of the estate, giving to them, or to the majority of them, unlimited discretion as to such investment, freeing them from all liability, except for gross negligence, and particularly authorizing them to loan any portion of the estate to the firm without other security than the notes of the firm, so long as R. or F. or either of them might be members. After the death of L. the firm was dissolved by the death of F. and a new firm under the same firm name was organized by R. and another, which executed notes to the trustees for L.'s interest in the capital of the firm, and subsequently renewed the same.

Provisions of the trust deed and the will construed, and *held*, that the trustees acted within the discretion given them in renewing the notes given by the new firm.

A testator or the creator of a trust has unlimited authority to direct how his money may be invested by his trustees or may leave the manner of such investment completely in the discretion of such trustees.

APPEAL by Thomas C. Reid and another, as trustees, from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 26th day of July, 1915, judicially settling the intermediate account of said trustees.

An appeal is taken from said decree in so far as it disallows an investment made by said trustees, and charges them with the amount of such investment as so much cash in hand.

George W. Wickersham, for the appellants.

Henry D. Patton, for the respondent.

SCOTT, J.— For many years prior to December 1, 1901, William H. Lent was the principal partner in the firm of William

H. Lent & Co., his partners at the date mentioned being Thomas C. Reid and George W. Finn.

On December 2, 1901, Mr. Lent, having decided to retire from business, executed a trust deed to said Thomas C. Reid and George W. Finn, whereby he conveyed to them as trustees " all his right, title and interest in and to any share in the capital of the firm of W. H. Lent & Co., of which he is a member, which may be due him or may be credited to him on the books of the said firm on the first day of February, 1902." The trust deed provided that the net income derived from said trust property should be paid to the grantor during his lifetime, and made alternative provision for its disposition after his death. The deed contained the following clause: "And said trustees are hereby authorized in their discretion to permit the whole or any part of said estate, now invested in the partnership business of W. H. Lent & Co., to remain in the said business, as a loan, for such period as they may think proper, and from time to time to renew or continue such loan to the said firm of W. H. Lent & Co., so long as the said Reid or the said Finn shall be a member of such firm, such loan to bear interest at the legal rate and to be secured by the personal bond or other obligation of the said Reid and Finn and of the other person or persons (if any) comprising said firm, to whom the loan shall be made, and said trustees shall not be in any wise responsible for any loss thereby occasioned, unless by the gross negligence of said trustees, beyond the liability on such bond or obligation."

On the same day he executed a will in which he appointed the aforesaid Thomas C. Reid and George W. Finn and one William H. Lotty as executors and trustees. He gave his residuary estate to his executors in trust during the lifetime of two sons, and provided for the distribution of the estate at the expiration of the life estate. The 8th and 9th clauses of his will read as follows: "*Eighth.* All the provisions in this will contained shall be subject to any and all rights which my

partners, Thomas C. Reid and George W. Finn, or either of them, may have under any partnership or other agreement in force at the time of my death, which I hereby direct shall in all respects be carried out. *Ninth.* I hereby appoint my partners, Thomas C. Reid and George W. Finn, and my friend William H. Lotty executors and trustees of this my will, without bonds, and I hereby give to my said executors and trustees full and unlimited authority to invest the funds of my estate not only in such securities as are allowed by law, but in any way that may seem to them for the best interest of the estate, giving to them, or to the majority of them, unlimited discretion as to such investment or investments and freeing them from all liability, except for gross negligence, in regard thereto. And I do hereby particularly authorize them to loan any portion of my estate to the firm of William H. Lent & Co., without other security than the note or notes of said firm, so long as the said Reid or the said Finn or either of them may be members of said firm. And as to all matters relating to the said estate or its administration upon which my said executors and trustees may need legal advice I desire that they all advise and confer with my friend Francis Forbes of the firm of Forbes & Haviland."

An accounting was had as of February 1, 1902, upon which it was ascertained that Mr. Lent's capital share or interest in the firm was $114,343.22, the shares or interests of Reid and Finn being much smaller.

The firm of W. H. Lent & Co. had been continued under the same firm name by Thomas C. Reid and George W. Finn, as copartners, and that firm executed promissory notes to Thomas C. Reid and George W. Finn as trustees for the full amount of Mr. Lent's interest in the capital of the firm, as shown by the aforesaid accounting. The due dates of these notes extended over a number of years, the longest to run coming due in 1922, or twenty years from the date thereof.

Lent died on July 2; 1902. Both of the sons upon whose lives the trust estate was limited by the will are still living. The objections to the account which raise the question to be considered upon this appeal were filed by an expectant remainderman.

It appears that prior to May, 1905, notes to the amount of $13,209.57 have been paid and the proceeds used to pay legacies and in the administration of the estate.

The present controversy arises over a series of notes which came due in 1909 to 1914, inclusive, and which, as they came due, were canceled and new notes executed, each coming due fourteen years from date. The Surrogate's Court, by the decree appealed from, has disapproved the renewal of these notes, and has charged the executors and trustees with the amount thereof, upwards of $35,000, as cash in hand.

The firm of William H. Lent & Co., composed of Thomas C. Reid and George W. Finn, was dissolved by the death of Finn in 1906, and a new firm under the same firm name was organized by said Reid and one Anson I. Hutton. This firm still exists and is the firm which executed the notes disallowed by the Surrogate's Court. It was originally formed to run until January, 1911, and has been extended to December 31, 1915. The articles of copartnership provide that " the special capital of the William H. Lent trust of which the said Thomas C. Reid is trustee   *   *   *   shall be payable within a reasonable time after the death of the said Thomas C. Reid to the parties entitled to the said trust fund or to a successor in trust of the said Thomas C. Reid as provided in the last will and testament of William H. Lent, deceased." The firm of Wm. H. Lent & Co. is a going concern, undoubtedly solvent, and apparently prosperous, although naturally its profits fluctuate from year to year.

It is fundamental law that a testator or the creator of a trust has unlimited authority to direct how his money may be

invested by his trustees, or may leave the manner of such investment completely in the discretion of such trustees. (Denike v. Harris, 84 N. Y. 89; Matter of Crowther, L. R. [1895] 2 Ch. Div. 56; Matter of Millicamp, Goodale and Bullock, 52 L. T. Rep. 758, 760.)  In such a case, if an investment be challenged, the only questions are: *First,* did the trustees act within the limits of their discretion; and *second,* was their discretion abused ?

That the trustees, in the principal case, acted within the discretion given them by the will seems to us to be indisputable. The language of the will, in so far as it defines the discretion given to the trustees as to their investments, is too plain to call for construction.  Not only are they to invest the funds of the estate " in any way that may seem to them for the best interest of the estate, giving to them, or to the majority of them, *unlimited* discretion as to such investment or investments and freeing them from all liability, except for gross negligence, in regard thereto," but they are particularly authorized " to loan any portion of my estate to the firm of William H. Lent & Co., without other security than the note or notes of said firm, so long as the said Reid or the said Finn or *either of them* may be members of said firm."

The trustees have proceeded in precise conformity with the authority, so precisely expressed as to amount to a strong indication of the testator's wishes and expectations.  Reid still remains a member of the firm and was such when the notes in controversy were executed.  The very condition, therefore, existed which the testator fixed as that upon which the funds of the estate might be invested in loans to the firm, and the provisions quoted from the copartnership agreement between Reid and Hutton insure that whatever may be the nominal due dates of the notes, the whole amount thereof will become due and payable to whomsoever may be entitled to receive it, when the condition upon which the funds of the estate might

be loaned to the firm shall cease to exist by reason of the death of Reid. It is so clear that the renewal of the notes in controversy was within the strict letter of the will that we find no room for further discussion of the question.

Nor can it be said, with any degree of reason, that the condition of the firm is such that the continuance of the loans to it was an abuse of the discretion vested in the trustees.

The evidence as to the nature, extent and present condition of the business makes that perfectly clear.

Our conclusion, therefore, is that the trustees acted well within the discretion vested in them by the will in renewing the notes disapproved and disallowed by the Surrogate's Court.

The result is that the decree, in so far as appealed from, must be reversed, with costs to the appellants payable out of the estate, and the decree modified as hereinbefore indicated.

INGRAHAM, P. J., McLAUGHLIN, CLARKE and SMITH, JJ., concurred.

Decree, so far as appeal from, reversed, with costs to appellants payable out of the estate, and decree modified as indicated in opinion. Order to be settled on notice.